BY THE COURT.
The evidence is clearly inadmissible. What took place at .the time, would be admitted as a part of the transaction; but what one party to a contract says at another and posterior time, with a view to avoid it, cannot avail to affect the contract, except called out by the other party.
M. Marshall and J. Woods, for the plaintiff, and
Fishback and R. Collins, for the defendant, argued to the jury,
COLLETT, C. J. charged the jury, that fraud was not to be-presumed, but must be proved by the party setting it up, though from its nature, it was seldom susceptible of positive proof, and is-only to be made out by detail of-the circumstances. Persons about to commit fraud, do not proclaim their intention, nor call witnesses of their acts, but on the contrary, endeavor to avoid exposure. As-to the right of entry under the writ of replevin, a demand need not have been made of a party who is only constructively in possession, a' possession depending on law or facts, unknown to the-officer; nor need a demand be made of an empty house, as that-would be vain. Where a man’s house, untenanted, is used to protect the property of another from legal process, it may be broken open by an officer. When used for fraudulent purposes, or vacant,, 507] it is not the protected *castle of the owner. But if the sale was fraudulent, and unnecessary force was used to get possession of the goods, the actors may be liable, on account of the unnecessary force, for the actual injury to the premises, occasioned by it.
Verdict for the defendants. Motion for a new trial overruled,, and judgment on the verdict.
[Fraud as a basis of action not presumed, but to be proved; Landis v. Kelly, 27 O. S. 567, 569.] .